JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

FRIDAY OMONIYI,

      Petitioner,

v.

WILLIAM BARR,

      Respondent.

Case No. CV 20-9007 JWH (MRW)

**ORDER DISMISSING ACTION**

The Court dismisses this action due to the failure of a pro se litigant to respond to a court order.

\* \* \*

1.    Petitioner Friday Omoniyi is a detainee in ICE custody in Georgia. He filed a "request for release due to risk factors for Covid-19" in this district in a letter format. (Docket # 1.) The request was accompanied by a declaration and "motion" for immediate release. (Docket # 2, 3.)

2.    Although difficult to follow, Mr. Omoniyi's papers referenced the Fraihat class action pending in this judicial district (regarding

conditions of confinement of immigration detainees).  The papers also apparently sought his compassionate release from custody.  (Id.)

3. The government filed an opposition (unprompted by this Court).  (Docket # 5.)  The government argued that, for Mr. Omoniyi to obtain relief from the Fraihat action, he "must have his claims presented by class counsel" in that case, and cannot "opt out" of the class's procedures.  (Id. at 2, 4.)

4. Alternatively, the government argued that Mr. Omoniyi's case is, in reality, a habeas corpus action under 28 U.S.C. § 2241.  However, if considered as a habeas petition, it was improperly filed in California rather than in the district of his confinement in Georgia.  (Id. at 5.)  On those bases, the government requested that the matter be dismissed or transferred to a federal court in Georgia.

5. Magistrate Judge Wilner ordered Mr. Omoniyi to respond to the government's submission.  Judge Wilner's order explained the government's contentions in layman's terms.  It also specifically warned Mr. Omoniyi that failure to respond would result in a recommendation of dismissal of the action under Federal Rule of Civil Procedure 41(b). (Docket # 6.)

6. Petitioner's response was due in mid-October 2020.  However, to date, he has filed nothing in response to the government's dismissal request or the magistrate judge's order.

\* \* \*

7. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action.  28 U.S.C. § 2243; see also Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to

1  district judge "if it plainly appears from the face of the petition [ ] that the
2  petitioner is not entitled to relief

3    8.    Rule 41(b) provides that if a plaintiff "fails to prosecute or to
4  comply with these rules or a court order, a defendant may move to dismiss
5  the action or any claim against it." Dismissal also may be ordered by the
6  Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

7    9.    Rule 41(b) specifically authorizes a court to dismiss a civil
8  action when a litigant has not filed a required pleading "after being given
9  leave to do so and has not notified the court of his intention not to file" that
10 document. Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017).
11 Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and
12 "indicate[s] that failure to do so would result in dismissal" under the rule.
13 Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir.
14 2019).

15   10.   Dismissal of a civil action under Rule 41 may be appropriate to
16 advance the public's interest in the expeditious resolution of litigation, the
17 court's need to manage its docket, and to avoid the risk of prejudice to
18 defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010).
19 Additionally, a court should consider the public policy favoring disposition
20 of cases on their merits and the availability of less drastic alternatives in
21 its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

22   11.   In the present action, the Court finds dismissal of the action
23 without prejudice is appropriate. Petitioner failed to respond to the
24 government's colorable dismissal arguments regarding the defects with the
25 action. He also ignored a direct order from the Court requiring that
26 response. Plaintiff's inability to participate meaningfully in the litigation

or to follow the magistrate judge's order demonstrates that he has no interest in advancing the action here.

12. By contrast, the Court, the government, and the public have a strong interest in terminating this action. This is particularly true given that Petitioner's immigration-related action is almost certainly untenable for the reasons stated in the government's dismissal papers.

13. Furthermore, because Petitioner is a <u>pro se</u> litigant who did not comply with the magistrate judge's previous order, no sanction short of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d at 1440. The Court finds that dismissal is appropriate under Rule 41(b). <u>Applied Underwriters</u>, 913 F.3d at 892.

14. Therefore, the present action is DISMISSED without prejudice pursuant to Rule 41.[1]

IT IS SO ORDERED.

Dated: December 21, 2020

HON. JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court exercises its discretion not to transfer the action to another federal district court. The Court has insufficient information about whether Petitioner already sought relief in another district. Additionally, because this Court likely does not have jurisdiction over Petitioner's claims, the dismissal is without prejudice. Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as an adjudication on the merits" of a claim unless court states otherwise).